```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

SYLVIA BROWN-KING,                )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    Civil No. 14-2379-JTF-tmp
                                  )
THE SERVICEMASTER COMPANY, LLC    )
and THE AMERICAN HOME             )
SHIELD CORPORATION,               )
                                  )
     Defendants.                  )
_____

                    REPORT AND RECOMMENDATION
_____
```

Before the court by order of reference is a Motion to Dismiss filed by defendants The ServiceMaster Company, LLC, and The American Home Shield Corporation (collectively "Defendants") on September 12, 2014. (ECF No. 13.) Plaintiff Sylvia Brown-King filed a response in opposition on October 20, 2014. (ECF No. 24.) Defendants filed a reply on November 6, 2014. (ECF No. 25.) For the reasons below, it is recommended that Defendants' motion be granted.

### I. PROPOSED FINDINGS OF FACT

Sylvia Brown-King was a customer service representative employed by Defendants at a Georgia call center from June 2012 until September 2013. (ECF No. 9, Am. Compl. ¶¶ 41, 43.) Her duties included calling customers and potential customers

regarding Defendants' home warranty products and services. (Am. Compl. ¶ 42.) She was an hourly-paid employee entitled to time and one half her regular hourly rate for all hours worked over forty each week. (Am. Compl. ¶ 4.) In her amended complaint, Brown-King alleges that the Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay customer service representatives for all of their overtime hours worked each week. (Am. Compl. ¶ 5.) She alleges that she and similarly-situated employees were required to arrive at work early to log into their computer systems each day, but were not paid for time spent logging on and off their computer work stations. (Am. Compl. ¶ 46, 50.) Brown-King also alleges that she and other employees were required to log in and work from home on occasion but were not paid for this work time. (Am. Compl. ¶ 52.) According to Brown-King, Defendants knew that they were violating federal wage laws because they had access to electronic records reflecting the amount of workforce minutes and hours worked each week by customer service representatives. (Am. Compl. ¶ 6.)

At the beginning of her employment with Defendants, Brown-King and Defendants entered into the ServiceMaster We Listen Dispute Resolution Plan ("Plan"). (Am. Compl. ¶¶ 79-80.) The Plan includes an agreement to arbitrate claims arising under the FLSA and also includes a class action waiver. (Am. Compl. ¶¶

81-82.) Brown-King's continued employment with Defendants was expressly conditioned upon her agreement to be bound by the Plan. (Am. Compl. ¶ 86.) The Plan covers "any associate who is in the employee of the Company on or after January 1, 2009, and any person seeking or has sought employment on or after that date." (Am. Compl. ¶ 88.) The Plan requires that all disputes be initiated prior to the end of the applicable statute of limitations. (Am. Compl. ¶ 91.)

Brown-King filed her original complaint on May 21, 2014. (ECF No. 1.) In the complaint, she brought suit on behalf of herself and all others similarly situated, and sought certification as a collective action. However, in her amended complaint, she states that she no longer seeks to bring this action on behalf of similarly-situated employees and does not request collective action certification, apparently due to the class action waiver contained in the Plan.[1] (Am. Compl. ¶ 109) ("Plaintiff in this case is not requesting conditional certification of a class, as is typical in collective actions

---

[1] As the amended complaint supersedes the original complaint, the court will consider only the allegations contained in the amended complaint in deciding the instant motion. Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000) (stating that "when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward") (citations omitted); Klyce v. Ramirez, No. 87-5176, 1988 WL 74155, at *3 (6th Cir. July 19, 1988) (stating that "an amended pleading supersedes the original, the latter being treated as nonexistent") (citations omitted).

brought under the FLSA").  She also no longer asserts her own FLSA claim for unpaid overtime, apparently because of the requirement in the Plan to arbitrate her FLSA claim.  (Am. Compl. ¶ 8) ("This is not an action to recover back wages").  Instead, Brown-King now intends to prosecute this case as "an action to facilitate Court supervised notice to all person(s) similarly-situated to the Plaintiff of their right to bring individual claims pursuant to Defendants' [Plan] as well as their rights under Section 4 of the Federal Arbitration Act." (Am. Compl. ¶¶ 8, 147.)  She asserts that similarly-situated customer service representatives exist who perform similar or the same duties; were and are paid an hourly wage for their work; were and are subject to Defendants' unlawful "shave time" policy; were and are subject to the Plan; performed overtime work for which they were not properly compensated; are owed additional wages and other damages; and "will, if not given proper notice of their rights, be prejudiced in their ability to bring individual claims to recover back wages under the [FLSA]." (Am. Compl. ¶ 118.)  Despite not pursuing her own FLSA claim in this court, Brown-King nevertheless asks the court to send notice nationwide to similarly-situated employees, "thus promoting the remedial purposes of the FLSA while increasing the likelihood that future claimants will resolve their wage disputes fully and finally within the appropriate forum, whether

- 4 -

that forum be Defendants' [Plan] or a District Court of their choosing." (Am. Compl. ¶ 114.)

In their motion to dismiss, Defendants argue that the amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Brown-King's amended complaint is nothing more than a thinly veiled attempt to use the court to "actively aid and facilitate her counsel's advertising and solicitation efforts of potential individual wage and hour claimants through an unorthodox and unprecedented use of collective action notice procedures in a manner contrary to their intended purpose and Supreme Court admonitions." (ECF No. 13-1 at 1.) Defendants argue that Brown-King concedes she is bound by the Plan's arbitration requirement and class action waiver, and for that reason she has not alleged her own FLSA claim and does not request conditional certification of a class. Defendants contend, among other things, the amended complaint seeks a remedy that is not legally cognizable and that the court-supervised notice Brown-King is asking for exceeds the constitutional power granted to the court under Article III of the Constitution.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim

upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). But the court "need not accept as true legal conclusions or unwarranted factual inferences." DirectTV, Inc., 487 F.3d at 476 (quoting Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

**B.   Plaintiff's "Claim" for Court-Supervised Notice Under FLSA**

As made clear in the amended complaint, Brown-King has not brought her own individual claim against Defendants for FLSA violations. It is also clear that she is not seeking to conditionally certify a collective action on behalf of

similarly-situated employees of the Defendants.[2]  Instead, the only remedy sought in Brown-King's amended complaint is for the court to facilitate and supervise notice to similarly-situated employees to advise them that they may have individual FLSA claims against the Defendants.  Brown-King has not cited, and the court in conducting its own research could not find, any authority to support the plausibility of such a claim.  This lack of authority is not surprising, since a prerequisite to issuing notice to potential opt-in plaintiffs is to actually have a plaintiff with his or her own FLSA claim.

Generally, employees can sue under the FLSA on their own behalf and for similarly-situated persons.  Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).  Courts in the Sixth Circuit follow a two-step process to determine whether plaintiffs are "similarly situated."  In re HCR ManorCare, Inc., No. 11-3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011);

---

[2]It would appear that the reason Brown-King no longer brings her own FLSA claim or a collective action is because of the Plan's arbitration requirement and class action waiver.  See also ServiceMaster Holding Corp. v. McConnell, No. 2:14-cv-2466 (W.D. Tenn. 2014) (issuing a temporary restraining order prohibiting plaintiff bound by the Plan from pursuing a collective or class action under the FLSA).  However, because the motion before the court is a motion to dismiss for failure to state a claim under Rule 12(b)(6), and not a motion to compel arbitration, the court need not address whether the Plan requires Brown-King to arbitrate her FLSA claims or prohibits her from bringing a class action.  For purposes of deciding the motion to dismiss, it is sufficient for the court to find that the amended complaint expressly disavows any attempt to bring an individual FLSA claim or a collective action.

see also Comer, 454 F.3d at 544. The first stage is known as "conditional certification," which typically occurs at the beginning of discovery and is often referred to as the "notice" stage. See, e.g., Frye v. Baptist Mem'l Hosp., No. 11-5648, 2012 WL 3570657, at *3 (6th Cir. Aug. 21, 2012). The second stage is final certification, which occurs toward the end of discovery and must satisfy a stricter standard. Id. Upon a motion for conditional certification, a district court "may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Comer, 454 F.3d at 546; see also Dawson v. Emergency Med. Care Facilities, P.C., No. 14-1105, 2014 WL 4660804, at *2 (W.D. Tenn. Sept. 17, 2014) (quoting Belcher v. Shoney's, Inc., 927 F. Supp. 249, 251 (M.D. Tenn. 1996); Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266 (D. Minn. 1991)) ("In Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989), the 'Supreme Court . . . made it clear that the collective action provisions of the FLSA, 29 U.S.C. Section 216(b), authorize a trial court to issue court-supervised notice to potential class members.' 'That power is to be exercised, however, only in 'appropriate cases,' and remains within the discretion of the district court.'"); Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011) (noting that "the Court exercises its discretion to approve that potential members of [the class] be notified and

given an opportunity to opt-in to the action"). In order for notice to be authorized, the court must first consider whether plaintiffs have shown that the employees to be notified are, in fact, "similarly situated." Comer, 454 F.3d at 544 (citing Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 594 (S.D. Ohio 2002)); see Kidd v. Mathis Tire & Auto Serv., Inc., No. 2:14-CV-02298-JPM, 2014 WL 4923004, at *1 (W.D. Tenn. Sept. 18, 2014) (quoting Lindberg, 761 F. Supp. 2d at 757) ("To proceed collectively, named plaintiffs must therefore demonstrate that they are 'similarly situated' to the opt-in plaintiffs — the employees they seek to notify and represent.").

Brown-King has not alleged an individual claim for FLSA violations, and thus, the complaint fails to state a claim upon which relief can be granted. To state the obvious, without a viable claim, the case cannot proceed to the conditional certification stage, which means that notice to potential opt-in plaintiffs will not and cannot be issued by the court. Court-supervised notice is not a stand-alone claim. It is part of the certification process, which itself is simply a case management tool in FLSA collective actions. See Hoffmann-La Roche Inc., 493 U.S. at 170-72; see also Rosario v. Valentine Ave. Discount Store, Co., Inc., 828 F. Supp. 2d 508, 513 (E.D.N.Y. 2011).

### III. CONCLUSION

For the above reasons, it is recommended that Defendants' motion be granted and Brown-King's complaint be dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 4, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**