IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SYLVIA BROWN-KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-02379-JTF-tmp |
| | ) | |
| THE SERVICEMASTER, CO., LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' ServiceMaster Company, LLC and American Home Shield Corporation, Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (6) filed on September 12, 2014.  (ECF No. 13).   On October 6, 2014, the Motion was referred to the Magistrate for Report and Recommendation, pursuant to 28 U.S.C. §636(b) (1)(B).   (ECF No. 19).  On October 20, 2014, Plaintiff filed a Response in Opposition to the Motion to Dismiss, ECF No. 24, to which Defendants filed a Reply on November 6, 2014. (ECF No. 25).  The Magistrate Judge entered his Report and Recommendation on December 4, 2014, recommending that Defendants' motion be granted and the case dismissed with prejudice.  (ECF No. 26).  To date, no objections were filed.

## I. **FINDINGS OF FACT**

The Court adopts the Magistrate's proposed findings of fact contained in the report and recommendation. (ECF No.  26).  Plaintiff initially filed this action against the Defendants on

1

behalf of herself and others similarly situated for failure to pay its customer service representatives overtime hours in violation of the Fair Labor Standards Act, 29 U.S.C. §§207(a) and 216(b) for time spent logging onto and off of their computer work stations.   (Compl., ECF No. 1, ¶¶ 1, 5-10, 40, 46, 48, 50-52, 58, 66, 75, 88-90).  The employment contract contained an arbitration agreement, "We Listen Dispute Resolution Plan," that was executed by Plaintiff and all associates employed by the company after January 1, 2009.  (ECF No. 9, 79).  Said provision required that all employment disputes are subject to mandatory arbitration which should be initiated prior to the applicable statute of limitations period. [1] (Am. Compl., ECF No. 9, ¶¶79-80).  Plaintiff filed an Amended Complaint on June 30, 2014, ECF No. 9, in which she no longer asserts her own FLSA claims for unpaid overtime but requests only that the Court without issuing a conditional certification, oversee the notice to other similarly situated employees for their FLSA claims.  (Am. Compl., ECF No. 9, ¶¶109, 114, Report and Recommendation, ECF No. 26, pp. 3-5).  Based on the dismissal of Plaintiff's FLSA claim in her Amended Complaint, Defendants have filed a motion to dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations.  28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion for summary judgment, judgment on the pleadings, motion to dismiss, etc. are included]").  The district court judge has the authority to review the magistrate judge's proposed

---

[1] The agreement indicated that all employment disputes including discrimination, Erisa, and claims regarding wages, penalties, compensation, stock and incentive plans, or intellectual property rights would be governed by the arbitration plan.  (See ECF No.9-1, p.1.)

findings of fact and recommendations under a *de novo* determination.   *See* 28 U.S.C. §

636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir.

2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of

review for nondispositive preliminary measures.   A district court must review dispositive

motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667,676 (1980) (quoting

*Matthews v. Weber*, 423 U.S. 261, 275 (1976) ("in providing for a '*de novo* determination'

Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial

discretion, chose to place on a magistrate's proposed findings and recommendations.")

### III. ANALYSIS

In his report and recommendation, the Magistrate Judge noted that a two-step process is

followed by the Courts when resolving a collective FLSA action: 1) a conditional certification or

"notice" stage and 2) a final certification stage or the discovery and opt-in process.  *In re HCR*

*ManorCare, Inc*., No. 11-3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011) and *Comer v.*

*Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006).    Within her amended complaint,

Plaintiff in this case merely asks that the Court manage the notice or opt-in stage of this action.

(ECF No. 9, ¶¶109, 114).   Agreeing with the Defendants' arguments, the Magistrate Judge

properly determined that because Plaintiff has not alleged an individual claim of FLSA

violations, or a "personal stand-alone claim," her case may not proceed to the conditional

certification stage for other potential opt-in plaintiffs.  *See Hoffmann-La Roche, Inc.,* 493 U.S.

165, 170-72 (1989) and  *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 757 (W.D.

Tenn. 2011) (ECF No. 25, pp. 2-3). [2]   Therefore, the Magistrate Judge determined that Plaintiff

has failed to state a claim under Fed. R. Civ. P. 12(b)(6).  *Williams v. Curtin*, 631 F.3d 380, 383

---

[2] The Magistrate Judge also concluded that Plaintiff abandoned her own claims for FLSA violations based on the arbitration agreement in the company's Dispute Resolution Plan.  (Report and Recommendation, ECF No. 9, p. 7 n.2).

(6th Cir. 2011) quoting, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  As noted above, Plaintiff has failed to object to the Magistrate Judge's report and recommendation as required by Fed. R. Civ. P. 72(b)(2).

After reviewing *de novo* the Magistrate Judge's Report and Recommendation, Defendants' Motion to Dismiss, and the entire record, the Court hereby ADOPTS the Magistrate's Report and Recommendation and orders the case dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED and the case DISMISSED with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED** this 5th day of January, 2015.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
